## SUPREME COURT.

### THE SARATOGA AND WASHINGTON R. R. Co. agt. McCOY AND OTHERS.

It is not necessary, nor does section 308 of the Code require, that an application for an *extra allowance* should be made at the *trial* of the cause. It may be made subsequently; but must be made before the same judge who tried the cause. (*See Osborne agt. Betts*, 8 *How.* 31.)

The Saratoga and Washington R. R. Co. agt. McCoy and others.

In an action where plaintiffs claimed $1,000 damages of the defendants, trustees of a school district, for levying upon and taking personal property for school tax, in which action the plaintiffs were non-suited.

*Held*, that the *extra allowance* to the defendants should not be governed by the amount of damages claimed in the complaint, but by the value of the property proved on the trial to have been taken, ($281.)

*Washington Special Term, Sept.* 1853.   Application for an extra allowance of costs.

The cause was tried at the Washington circuit in February, 1853, before C. L. ALLEN, Justice.   It was an action for the recovery of damages for levying upon and seizing personal property for a school tax in the district of which defendants were trustees.   It appeared on the trial, that the tax collected and paid by plaintiffs amounted to $203.25 ; but the plaintiffs claimed in their complaint $1,000 damages.   It was proved that the property levied on amounted in value to $281, and that plaintiffs paid the tax and stopped the sale, and claimed the amount they paid, on the trial.   The plaintiffs were non-suited, and the defendants now apply for an extra allowance of ten per cent. on the whole amount claimed in the complaint.

> WAIT & PARRY, *for Defendants.*
> W. L. F. WARREN, *for Plaintiffs.*

C. L. ALLEN, Justice.   It is objected that this application should have been made at the *trial* of the cause, and that it is *too late* to make it now.   In the case of Osborne agt. Betts, (8 *How.* 31,) Justice PARKER remarks that the application can only be made under rule 82 to the court before whom the trial is had, or the judgment rendered.   He adds, that it was intended by the rule that the question of extra allowance should be determined by the judge who tried the cause, who necessarily must be most competent from his knowledge of its character to decide upon the propriety of the application and the extent to which the allowance should be made, and to prevent the abuses which had been practiced of attorneys seeking a judge who might be more favorable to their demands.

I know, the learned judge remarks in that case, that the replication must be made at the circuit or court at which the

The Saratoga and Washington R. R. Co. agt. McCoy and others.

cause was tried, and cites Dyckman agt. McDonald, (5 *How.* 121.) But in that case, Justice BARCULO, who delivered the opinion, does not so decide; he says, " the application should have been made at the circuit when the cause was tried ; *or, at all events, before the judge who held the circuit,*" intimating that if made before the judge who tried the cause, it might be made subsequently to the trial ; and such has been my understanding of the practice. It accords, in my judgment, with the spirit and intention of rule 82, and is sanctioned by Justice HAND in the case of Mann agt. Tyler, (7 *How.* 235,) where he says, that there is no objection to entertaining the application at the time of the trial without a formal notice, if the same judge is then holding a special term. " But if not made *then,* notice should be given as in other cases." The 308th section does not require the application to be made at the *trial,* nor do I deem it necessary.

It is argued, that the jury should have found the value of the property. It was proved that the value was $281. This, I think, is sufficient for the court to act upon, and should govern in fixing the amount of the allowance, rather than the amount claimed in the complaint. The action was against public officers. The trial was an important one, involving the regularity of the defendants' proceedings and the proceedings of the inhabitants of a school district in voting taxes and issuing warrants for the collection thereof. It was difficult and extraordinary, and within many of the cases decided on this question ; and I shall order an extra allowance of $25, but without costs of this motion, as none are asked for in the notice.